## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:21-cv-00222-MR-WCM

| | |
|---|---|
| GAYLE WOODIS,             ) | |
|                      ) | |
|           Plaintiff,     ) | |
|                      ) | |
|      vs.               )         **O R D E R** | |
|                      ) | |
| UNITEDHEALTH GROUP, INC.  ) | |
| and DIANE SCHOFIELD, in    ) | |
| her individual capacity,      ) | |
|                      ) | |
|          Defendants.   ) | |
| _____) | |

**THIS MATTER** is before the Court on the Defendants' Motion to Compel Arbitration and Dismiss or, in the Alternative, Stay Pending Arbitration.  [Doc. 9].

## I.    PROCEDURAL HISTORY

On August 13, 2021, the Plaintiff, Gayle Woodis ("Plaintiff"), initiated this action against UnitedHealth Group, Inc. and Diane Schofield (collectively "Defendants").   [Doc. 1].   In her Complaint, the Plaintiff alleges that Defendant UnitedHealth Group, Inc. violated North Carolina public policy by taking "adverse employment actions against Ms. Woodis because of her age, sex, disability and/or protected conduct…."  [Id. at 9].  The Plaintiff also

alleges that Defendant Schofield "acted maliciously, without justification, and for the purpose of having [UnitedHealth Group, Inc.] breach the binding contractual and/or other relationship with Ms. Woodis." [Id.].

On October 27, 2021, the Defendants filed a Motion to Compel Arbitration and Dismiss or, in the Alternative, Stay Pending Arbitration. [Doc. 9]. On November 24, 2021, the Plaintiff filed a Notice of Non-Opposition to Defendants' Motion to Compel Arbitration and Dismiss or, in the Alternative, Stay Pending Arbitration. [Doc. 12].

## II. DISCUSSION

For the reasons stated in the Defendants' motion, the reasons stated in the Defendants' Memorandum of Law in Support of their Motion to Compel Arbitration and Dismiss or, in the Alternative, Stay Pending Arbitration [Doc. 10], and in light of the Plaintiff's non-opposition to the Defendants' motion, the Court will order the parties to submit to arbitration.

"When parties have entered into a valid and enforceable agreement to arbitrate their disputes and the dispute at issue falls within the scope of that agreement, [§ 3 of] the FAA requires federal courts to stay judicial proceedings, and compel arbitration in accordance with the agreement's terms." Murray v. United Food & Com. Workers Int'l Union, 289 F.3d 297,

301 (4th Cir. 2002) (internal citation omitted); 9 U.S.C. § 3.[1] Accordingly, the Court will stay this matter pending the parties' arbitration.

The Defendants "also request that the court award attorney's fees for Plaintiff's unreasonable failure to submit to" arbitration. [Doc. 10 at 11]. "[A] court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Chambers v. NASCO, Inc., 501 U.S. 32, 45-46, 111 S. Ct. 2123, 115 L.E.2d 27 (1991) (internal quotation marks and citation omitted); see also Am. Reliable Ins. Co. v. Stillwell, 336 F.3d 311, 321 (4th Cir. 2003). Here, the Defendants have not shown that the Plaintiff has acted in bad faith such that her actions justify an award of attorney's fees. Accordingly, the Court denies the Defendants' request for attorney's fees.

---

[1] The Defendants request that this matter be dismissed upon referral to arbitration. [Doc. 10 at 10]. The Court notes that there are conflicting opinions within the Fourth Circuit as to whether dismissal in lieu of a stay is an authorized remedy under § 3. Compare Murray, 289 F.3d at 301 with Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 709-10 (4th Cir. 2001) ("Notwithstanding the terms of § 3 . . . dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable."). The Court has previously found the language cited in Choice Hotels, however, to be dicta. Foster v. Carrols Corp., No. 1:17-CV-00128-MR-DLH, 2018 WL 700806, at *3 n.3 (W.D.N.C. Feb. 2, 2018); see also Blount v. Northrup Grumman Info. Tech. Overseas, Inc., No. 1:14-CV-919 (JCC/TCB), 2014 WL 5149704, at *5 (E.D. Va. Oct. 14, 2014). In the absence of clear guidance from the Fourth Circuit regarding the appropriateness of a dismissal, the Court will follow the plain language of § 3 and stay the action.

3

## **ORDER**

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion to Compel Arbitration and Dismiss or, in the Alternative, Stay Pending Arbitration [Doc. 9] is **GRANTED IN PART** and **DENIED IN PART** such that:

(1)     The Defendants' Motion to Compel Arbitration is **GRANTED**, and the parties are hereby ordered to arbitrate their dispute in accordance with the terms of the parties' agreement [Doc. 9-1 at 6-11];

(2)     The Defendants' Motion to Dismiss is **DENIED**; and

(3)     This matter is hereby **STAYED** pending arbitration in accordance with the parties' agreement.

**IT IS FURTHER ORDERED** that the Defendants' request for attorney's fees is **DENIED.**

**IT IS SO ORDERED.**

Signed: December 13, 2021

Martin Reidinger
Chief United States District Judge

4